**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

UNITED STATES OF AMERICA

CASE NO: 09-cr-20536-07

*v.*

DISTRICT JUDGE THOMAS L. LUDINGTON

CAROLSON MARTIN,

MAGISTRATE JUDGE CHARLES E. BINDER

    *Defendant.*
_____/

## ORDER DENYING REQUEST TO REOPEN DETENTION HEARING

> This order is entered under the authority given to this magistrate judge in an Order of Reference issued by U.S. District Judge Thomas L. Ludington pursuant to 28 U.S.C. § 636(b)(1)(A).

In 1986, Congress amended the Bail Reform Act to add the following provision:

> The [detention] hearing may be reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § (f)(2). On the basis of this statute, counsel for Defendant moved to reopen the detention hearing by submitting a proposed stipulation to set bond for Defendant Martin. In the stipulation, counsel states that, since the original hearing on December 29, 2009, Defendant's child has returned to Michigan and Defendant has attended substance abuse classes in a satisfactory manner. Counsel proposes that Defendant be granted bond and be allowed to return to living with her relatives in this area and that she be required to continue substance abuse classes.

While this information was "not known to the movant" at the time of the original hearing, I conclude that for the reasons set forth below that this information fails to have the required "material bearing" on the issue of release.

As noted in the original order detaining Defendant, she is one of the most severely cross-addicted individuals I have ever encountered. In fact, she was so addicted that I felt it incumbent upon me to convene a detention hearing on my own motion pursuant to 18 U.S.C. § 3142(f)(2). At the time of her arrest, she was a daily intravenous heroin user. She was also cross-addicted to crack cocaine and prescription medications. Defendant has suffered serious infections as a result of her drug addiction and has was hospitalized until just hours before her arrest. Proffers at the original detention hearing indicated that she was willing to "test" new batches of heroin for their potency. Defendant's addictive behavior continued despite attendance at a series of substance abuse programs, including an 8-month residential treatment program in Georgia. In addition, Defendant failed to appear for sentencing on a state court matter much less serious than that presently pending.

The offer for Defendant to return to live with relatives in this area was presented at the original detention hearing as an alternative and specifically rejected at that time. In the original order, I noted that while it certainly appeared that Defendant's family had undertaken their best efforts to assist Defendant, they had, nevertheless, been unable to exert any meaningful control over her behavior. I find nothing in counsel's presentation today that convinces me otherwise. I therefore conclude that the literal language of 18 U.S.C. § 3142(f) compels me to deny Defendant's request to reopen the hearing and place her on bond.

Review of this Order is governed by 28 U.S.C. § 636(b)(1)(A) and E.D. Mich. LR 72.1(d)(1). Pursuant to Local Rule 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Dated: September 30, 2010

s/ *Charles E Binder*
CHARLES E. BINDER
United States Magistrate Judge

### **CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Shane Waller and Rod O'Farrell, and served on District Judge Ludington in the traditional manner.

Date: September 30, 2010         By     s/*Jean L. Broucek*
                                 Case Manager to Magistrate Judge Binder